USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/04/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELISSA ANN THOMAS,

Plaintiff,

-against-

TIMOTHY CAWLEY and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

Defendants.

No. 26-CV-4581 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Melissa Ann Thomas ("Plaintiff"), proceeding *pro se*, invokes the Court's federal question jurisdiction, asserting that Defendants Consolidated Edison Company of New York, Inc. ("Con Edison") and its Chairman and CEO Timothy Cawley (collectively, "Defendants") violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment by terminating electrical service to her residence for nonpayment. One month after filing the Complaint, Plaintiff filed an "answer and emergency application" requesting preliminary injunctive relief. (ECF No. 12.) The Court denied Plaintiff's application for emergency relief on July 20, 2026. (ECF No. 21.) Specifically, the Court concluded that the Complaint failed to provide any factual allegation suggesting that Defendants' action of terminating her electricity constituted state action. (*Id.*)

Plaintiff now seeks renewed preliminary injunctive relief, including an order directing Defendants to restore electrical service to her residence. (ECF No. 30.) Plaintiff's renewed application, however, does not cure the deficiencies identified in the Court's previous decision. The Court recognizes that Plaintiff has been without electricity since approximately June 1, 2026. (ECF No. 30.) Plaintiff has nevertheless not demonstrated a likelihood of success on her constitutional claims.

"To state a claim under Section 1983, a plaintiff must allege facts indicating that some official action has caused the plaintiff to be deprived of his or her constitutional rights." *Zherka v. Amicone*, 634 F.3d 642, 644 (2d Cir. 2011) (citing *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002) (per curiam)); *see also Ross v. Westchester Cnty. Jail*, 2012 WL 86467, at *9 (S.D.N.Y. Jan. 11, 2012) (same). "[M]ere conclusory allegation[s] that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002).

As the Court previously explained, "Con Edison, although a utility regulated by the state, is not a state actor for Section 1983 purpose." *Thomas/Smith v. Consol. Edison Co. of New York Inc.*, 2025 WL 1425757, at *1 (S.D.N.Y. May 15, 2025); *see also Jackson v. Metro. Edison*, 419 U.S. 345, 349 (1974) (a state regulated utility with a governmentally protected monopoly is not considered a state actor absent a showing of "a sufficiently close nexus between the State and the challenged action of the regulated entity to say that the action of the utility may be fairly treated as that of the state itself."); *Taylor v. Consol. Edison Co.*, 553 F.3d 39, 45 (2d Cir. 1977) (holding Con Edison not a state actor despite "extensive intervention" by New York State in the area of utility termination); *Austin v. Consol. Edison Co.*, 788 F. Supp. 192, 196 (S.D.N.Y. 1992) ("Con Edison is not a government agency and is not itself subject to the constitutional restrictions plaintiffs would impose absent some suggestion . . . of joint action with government officials.")

The Complaint and Plaintiff's renewed application still fail to provide any factual allegation suggesting joint action between Con Edison and the government. Plaintiff has not cured the deficiency identified in the Court's previous decision and, once again, has not demonstrated a likelihood of success on her Section 1983 claims. Nor does Plaintiff's renewed application otherwise identify a cognizable federal cause of action sufficient to establish federal question

jurisdiction. The Court remains without subject matter jurisdiction over this action. Plaintiff's renewed application is therefore DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at the address listed on ECF, to show service on the docket, and to terminate the motion at ECF No. 30.

SO ORDERED.

Dated: September 4, 2026
White Plains, NY



Nelson S. Román, U.S.D.J.